**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4664

JONATHAN ERIC SHANNON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-51)

Submitted: May 18, 1999

Decided: July 6, 1999

Before ERVIN and WILKINS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Harry L. Hobgood, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jonathan Eric Shannon was convicted of mail fraud pursuant to his guilty plea. On appeal, he alleges that the district court erroneously calculated the amount of loss attributable to him. Finding no error, we affirm.

Shannon worked as a computer systems administrator for Shionogi Qualicaps, Inc. ("Shionogi"), for approximately eight months. During this time, he also owned his own computer company, Computer Customs, Inc. ("Computer Customs"). Shannon admitted that after he left Shionogi, he entered the company's computer system from his home computer and altered the address on a vendor invoice so that the check would be mailed to a post office box registered to Computer Customs. Shannon ultimately cashed this check and deposited it into his bank account.[1] The Government presented additional evidence at sentencing showing that three invoices from Computer Customs were altered in the computer to reflect amounts owed that were approximately ten times the original amount. The incorrect amounts were never paid, however, because of Shionogi's routine practice of matching the amounts shown in the computer to the actual invoices. On appeal, Shannon challenges the district court's inclusion of one of these altered invoices in its calculation of the amount of loss attributable to him.[2]

We review the district court's calculation concerning the amount of loss for clear error and its application of a loss enhancement de novo. See United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995). The loss suffered focuses on the value of the money, property, or ser-

_____

[1] Shannon spent approximately $22,000 of the $75,724.33 check.
[2] The district court declined to make a finding as to two of the invoices because the amounts were too small to affect the sentencing calculation.

2

vices unlawfully taken.**3** In the present case, we find no error in the district court's loss calculation or its application of the loss enhancement.

As a threshold matter, Shannon bears the burden of showing that the information in the presentence report is incorrect (mere objections are insufficient), see United States v. Terry , 916 F.2d 157, 162 (4th Cir. 1990), and Shannon failed to meet this burden. While working for Shionogi, Shannon was one of only a few people who could enter the company's master vendor file, make changes in addresses and amounts owed or paid, and exit without leaving an audit trail showing who made the changes. In addition, Shannon, as the sole owner of Computer Customs, was the only person who would benefit from the invoice changes. Finally, Shannon had a "hypothetical" discussion with another Shionogi employee about diverting company checks to himself. Contrary to Shannon's assertions, we find that this evidence constitutes more than mere speculation.

Accordingly, we affirm Shannon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
**3** <u>See</u> USSG § 2F1.1(b)(1), comment. (n. 8).

3